**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**JOSHUA MONROE,**                                      CASE NO. 3:25 CV 1422

      Plaintiff,

      v.                                                JUDGE JAMES R. KNEPP II

**PROMEDICA, et al.,**

      Defendants.                                   **MEMORANDUM OPINION**
                                                          **AND ORDER**


    *Pro se* Plaintiff Joshua Monroe filed this civil rights action against 25 defendants (Docs. 1,

3). Plaintiff also filed an application to proceed *in forma pauperis* (Doc. 2). That application is

granted. But for the following reasons, this action is dismissed.

**BACKGROUND**

    Plaintiff's Complaint is almost completely devoid of facts. In the statement of his claim,

he lists the following: "multiple civil rights violations[;] medical malpractice[;] discrimination[;

and] mental torture. (Doc. 1, at 4). For relief, he seeks "physical damages, punitive money

damages[.]" (*Id.*).

    Plaintiff also filed a "Motion for Immediate Release from Incarceration (Lockup)" (Doc.

4), Motion for Speedy Trial (Doc. 5), and "Urgent Because People Care Motion/Formal Affidavit

to [Expedite] a Declaration for Due Justice and Demand Immediate Issuance of Arrest Warrants

Against the Name Institutional Actors For…" (Doc. 7). Plaintiff's latter motion includes the

following statements: "nonconsensual medical procedures"; "obstruction of recovery and

restorative justices"; "irreparable emotional, physical harm, mental torture"; "they stole everything for [their] entertainment"; "they broke the most sacred boundary and laws. Life Itself"; "I'm a very good person and super smart…"; "my jaw has popped over 4,000 times"; "I have been denied [proper] food to heal the wounds"; and "flesh doesn't lie." (Doc. 7). It concludes with the following statement: "I call upon local and federal authorities to launch immediate legal inquiry and activate all prosecutorial laws and seize all assets in my name." *Id.* at 2.

## STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations,

but he or she must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### DISCUSSION

The Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading requirements." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A complaint must contain either direct or inferential allegations regarding all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, Plaintiff's complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds on which they rest. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008) (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir. 1996)). Additionally, the Court has discretion to refuse to accept without question the truth of Plaintiff's allegations when they are "clearly baseless," a term encompassing claims that may be

fairly described as fanciful, fantastic, delusional, wholly incredible, or irrational. *Denton*, 504 at 32-33.

Here, Plaintiff's Complaint, even liberally construed, fails to meet the most basic pleading standard, as his pleading fails to set forth "a short and plain statement of [any] claim showing that [Plaintiff] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Plaintiff's Complaint does not contain any cognizable federal civil claims within the jurisdiction of this Court or cite to any recognized legal authority, and the Court finds there is no cause of action readily identifiable in the Complaint. Additionally, Plaintiff fails coherently to identify how each Defendant has harmed him. And his sparse factual allegations are at times wholly incredible and irrational. Plaintiff's pleading is nothing more than a mere "unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. The Court therefore finds the Complaint fails to meet the minimum pleading requirements of Rule 8 and must be dismissed on this basis.

Moreover, to the extent Plaintiff purports to seek release from custody, his sole remedy is a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). And to the extent Plaintiff seeks damages for an allegedly unconstitutional conviction or imprisonment, Plaintiff must demonstrate that his conviction has been overturned on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff has not made that showing.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's application to proceed *in forma pauperis* (Doc. 2) be, and the same hereby is, GRANTED; and it is,

4

FURTHER ORDERED that Plaintiff's remaining motions (Docs. 4, 5, 7) be, and the same hereby are, DENIED; and it is

FURTHER ORDERED that this action be, and the same hereby is, DISMISSED in its entirety under 28 U.S.C. § 1915(e)(2); and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: August 7, 2025